ELLEN C. O'HEARN *vs.* STAR TAXI COMPANY,
INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 6th—decided March 6th, 1934.

*Hugh J. Lavery,* with whom was *H. Frederick Day,* and, on the brief, *George N. Finkelstone,* for the appellant (defendant).

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* for the appellee (plaintiff).

PER CURIAM. The plaintiff recovered a verdict of $7500 for personal injuries resulting from a collision between a taxicab in which she was riding and another automobile, and the sole question presented upon this appeal is the correctness of the denial by the trial court of a motion to set the verdict aside as excessive. The jury might have found the following facts: The plaintiff was about twenty-nine years old at the time of the accident, which happened on May 28th, 1933. She was severely bruised, her arm and leg were hurt and she suffered injuries to the lumbosacral and sacroiliac joint and a severe nervous shock. She was confined to her bed for about four weeks and to the house for some three months thereafter. During this time

she suffered severe pains and she continued to suffer much pain down to the time of the trial in September, 1933. She was compelled to wear a sacro-iliac corset in order to get about and was wearing it at the time of the trial. This she would probably have to wear for another year, when her back would probably become stronger and the pain diminish, although as to this there was no certainty. The accident caused the return of a condition of arthritis in the plaintiff's wrist from which she had previously suffered, and this also was very painful and required medical treatment. She was a graduate nurse and previous to the accident had been almost continuously employed, earning $42 or $45 a week; after the accident to the time of the trial she had been able to work very little and probably would not be able to work to any extent for another year, if she could then. Her expenses for medical services and supplies amounted to something over $500. Upon these facts the trial court might well conclude that the amount of the verdict was not so excessive as to require that it be set aside.

There is no error.